# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0585V

|  |  |
|---|---|
| KATHERINE BELKA,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 31, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 11, 2020, Katherine Belka filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, after receiving an influenza ("flu") vaccine on September 11, 2018. Petition at 1, ¶¶ 1, 12. On September 1, 2022, I issued a decision determining entitlement and awarding compensation to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

No. 47.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $63,155.90 (representing $60,434.00 in fees and $2,721.90 in costs). Petitioner's Application for Attorneys' Fees and Costs, filed Apr. 10, 2023, ECF No. 53. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on May 2, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 54.

On May 3, 2023, Petitioner filed a reply, criticizing Respondent's lack of a specific response to his motion and reiterating that she is entitled to an award of attorney's fees and costs. Petitioner's Reply to Respondent's Response to Petitioner's Application for Fee and Costs. ECF No. 55. Petitioner insists that "Petitioner's counsel has accurately recorded the time spent on this case and has filed receipts for documenting the litigation expenses incurred." *Id.* at 1.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of

petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 53-1. Petitioner has also requested 2023 attorney hourly rates as follows: $463 for work performed by Leah Durant - representing a rate increase of $22. *Id.* at 11. I find this hourly rate to be reasonable.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Mar. 24, 2022, ECF No. 34 (reporting an impasse in settlement discussions); Petitioner's Motion for Ruling on the Record, filed June 3, 2022, ECF No. 40; Petitioner's Reply to Respondent's Motion for Ruling on the Record and Brief on Damages, filed Aug. 12. 2022, ECF No. 46; Hearing Minute Entry, dated Aug. 29, 2022 (regarding the Aug. 26, 2022 hearing). Petitioner's counsel expended approximately 30.7 hours drafting the motion for a ruling on the record and 7.0 hours drafting the reply, totaling 37.7[3] hours. ECF No. 53-1 at 8-10. In addition, drafting of the damages briefs involved the work of two attorneys, billing between $441 to $525 per hour, and thus suggesting some degree of unnecessary overlap/inefficiency compounding the excessive cost associated with this task.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 9.4 hours – and I am therefore awarding fees

---

[3] These totals are calculated as follows: 25.2 hours billed on 5/12/22, 5/23/22, and 5/25/22 by Michael Milmoe at a rate of $525 and 12.5 hours billed on 6/3/22, 7/22/22, and 8/12/22 by Leah Durant at a rate of $441.

3

associated with that task in full.[4] Nor am I counting time spent communicating with Petitioner, preparing additional supporting documentation such as affidavits or signed declarations, or preparing for or participating in the Expedited Motions Day hearing, which is also being awarded in full. *See,* e.g., ECF No. 53-1 at 8 (first entry dated 5/12/22).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[5] in which attorneys have accomplished this task in about half the time.[6] *See,* e.g., *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively).

---

[4] This time was billed in late 2021, using hourly rates of $420 for Leah Durant, $509 for Michael Milmoe, and $165 for the two paralegals; and results in $3,763.50 in attorney's fees. ECF No. 53-1 at 5.

[5] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[6] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023).

The circumstances of this case did not warrant devoting so much time to the damages briefing. Although requiring briefing in regards to both entitlement and damages, the primary areas of dispute involved the question of prior shoulder pain and the appropriate amount of compensation for Petitioner's past pain and suffering. *See Belka v. Sec'y of Health & Hum. Servs.*, No. 20-0585V, 2022 WL 4717891, at *3-4 (Fed. Cl. Spec. Mstr. Sept. 1, 2022). The parties' views differed by only $50,000.00 - Petitioner sought $100,000.00, and Respondent countered with $50,000.00. *Id.* I ultimately awarded the amount for pain and suffering close to that proposed by Respondent – further underscoring the extent to which Petitioner's efforts in this behalf had a futile quality (since I ultimately found the higher figure was not adequately defended).

Of course, having prevailed in this case, a fees award is generally appropriate. *See Henderson*, 2022 WL 4717891, at *6. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 37.7 hours, or $18,742.50**) by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $5,622.75.**[8]

## ATTORNEY COSTS

Petitioner requests $2,721.90 for attorney's costs. ECF No. 53-2. Although she failed to provide a comprehensive list of all expenses sought, Petitioner has provided supporting documentation for all claimed costs. *Id.* at 2-16. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$57,533.15 (representing $54,811.25 in fees and $2,721.90 in costs) as a lump sum in the form of a check jointly payable to**

---

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.*, 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: (25.2 x $525 x .30) + (12.5 x $441 x .30) = $5,622.75.

**Petitioner and Petitioner's counsel, Leah VaSahnja Durant.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.